Coon, J.
The respondent corporation owns a group of two-story apartment buildings containing over eighty separate apartment units. In connection therewith it maintains two playground areas equipped with various playground equipment which included two of the common and familiar variety of open swings, hanging by chains from a metal frame work and having a wooden seat at the bottom which was approximately sixteen inches from the ground.
On the morning of December 3, 1946, the appellant Virginia K. Bullís, then a child three and one-half years of age, was taken by her mother, who was a tenant in one of the respondent’s apartments, to the playground area, and was lifted by her mother and seated in one of the open swings. After swinging a short time, the attention of both the child and her mother was distracted by a group of airplanes overhead, and the mother temporarily stood aside. In some manner the child fell from the swing and sustained injuries.
The record fails to disclose any evidence that the child’s fall and resulting injuries were caused by any defect of construction or maintenance of the swing. Appellants did not seriously urge that theory upon this appeal. Appellants did urge, however, that the respondent was negligent in making available an open swing of this type to a child of that age, and in not providing a chair type of swing more suitable for children of tender years. Such conduct alone cannot be considered actionable negligence. The respondent did not furnish supervision of the play areas, nor purport to do so. It was under no obligation to furnish playground equipment specially designed or intended for children of each age group. An open swing of this type has been in use on playgrounds and in the yards of private homes for years on end. In no sense may it be said to be a dangerous instrumentality in and of itself.
The landlord does not stand in loco parentis to all children of tenants and does not assume the risk or responsibility for their supervision or care. The landlord is not bound to foresee that the mother of a small child will place the child in an open swing and while in immediate attendance permit the child to fall, in the absence of any defect in the swing itself. Such an *632 accident is not reasonably foreseeable. The landlord is powerless to guard against such an occurrence in advance unless it be to forego furnishing any equipment. To extend liability this far would amount to making the landlord an insurer of the safety of all children of tenants.
The fact that the negligence of a parent cannot be imputed to the child by virtue of section 73 of the Domestic Relations Law does not result in transferring a parent’s negligence to a landlord, nor can it result in increasing the landlord’s primary legal duty.
Appellants rely principally upon Sullivan v. Binghamton (271 App. Div. 860) wherein it was held the maintenance of a ramp, intended for the use of older children under supervision, but available to young children without supervision, was a jury question. The distinction there and in all similar cases is, of course, the difference in relationship to the child. The school authorities are charged with supervision and care of children temporarily in their custody and stand in loco parentis to such child. This is not the case with the landlord, and the duty of a landlord does not extend this far.
The trial court properly set the verdicts aside and dismissed the complaint.
The order and judgment appealed from should be affirmed, without costs.
Foster, P. J., Hefferhah, Brewster and Bergan, JJ., concur.
Order and judgment affirmed, without costs. [See 277 App. Div. 911.]